IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:16-CV-322-FDW

| | |
|---|---|
| MARCIA STARNES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) **ORDER** |
| NANCY A. BERRYHILL,[1] Acting Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) ) ) |

**THIS MATTER** is before the Court on Plaintiff Marcia Starnes' Motion for Judgment on the Pleadings (Doc. No. 9), filed on January 30, 2017, and Defendant Acting Commissioner of Social Security Nancy A. Berryhill's Motion for Summary Judgment (Doc. No. 11), filed on March 20, 2017. Plaintiff seeks judicial review of an unfavorable administrative decision on her application for disability benefits under 42 U.S.C. § 405(g).

Having reviewed and considered the written arguments, administrative record, and applicable authority, and for the reasons set forth below, Plaintiff's Motion for Judgment on the Pleadings is DENIED, Defendant's Motion for Summary Judgment is GRANTED, and the Commissioner's decision is AFFIRMED.

I.     FACTUAL BACKGROUND

On February 21, 2013, Plaintiff protectively filed an application for a period of disability and disability insurance benefits and for supplemental security income. (Tr. 164). Plaintiff alleged

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to rule 25(d) of Civil Procedure of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

1

disability beginning on January 1, 2012, but later amended her alleged onset date to May 11, 2012. Id. After her application was denied initially and upon reconsideration, Plaintiff filed a written request for a hearing. Id. An Administrative Law Judge ("the ALJ") held a video hearing on April 14, 2015, at which Plaintiff appeared with her attorney and a vocational expert ("VE"). (Tr. 64-118). On April 30, 2015, the ALJ issued a decision that Plaintiff was not disabled within the meaning of the Social Security Act ("the Act"). (Tr. 164-178).

The ALJ found that Plaintiff had not engaged in substantial gainful activity since May 11, 2011, and had severe impairments of cervical and lumbar degenerative disc disease, carpal tunnel syndrome, sleep apnea, hypertension, and anxiety. (Tr. 166). However, the ALJ determined Plaintiff did not have a severe impairment or combination of impairments that met or medically equal a per se medical impairment listing under 20 C.F.R. Pt. 404, Subpart P, App. 1. (Tr. 168). The ALJ then found that Plaintiff had the Residual Functional Capacity ("RFC") to perform a reduced range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with the following physical limitations:

> [Plaintiff] can occasionally climb ramps and stairs, but can never climb ladders, ropes or scaffolds. She can occasionally balance, stoop, and crouch, but can never crawl or kneel. She should avoid unprotected heights, dangerous equipment, and vibrations. She can frequently reach, handle, and finder with the right dominant upper extremity. She should avoid more than occasional exposure to respiratory and pulmonary irritants, extreme heat, extreme cold, and humidity. She is limited to a moderate noise environment as defined by the *Selected Characteristics of Occupations.* She should avoid rapid positional changes defined as more than occasional quick rising from a seated position.

(Tr. 170). While the ALJ determined that Plaintiff was unable to perform her past relevant work, the VE did produce a list of jobs which existed in significant numbers that Plaintiff could perform within the ALJ's limitations. (Tr. 177).

On August 12, 2016, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the Commissioner's final decision on the case. (Tr. 1-6). Having exhausted all administrative remedies, Plaintiff commenced this action under 42 U.S.C. § 405(g). The parties' motions for summary judgment[2] are now ripe for review. Plaintiff claims that the ALJ's decision is not based on proper legal standards and unsupported by substantial evidence as 42 U.S.C. § 405(g) requires.

## II. STANDARD OF REVIEW

Pursuant to the Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), this Court's review of a final decision of the Commissioner of Social Security is limited to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971), and (2) whether the Commissioner applied the correct legal standards, 42 U.S.C. § 405(g) (2006); Westmoreland Coal Co., Inc. v. Cochran, 718 F.3d 319, 322 (4th Cir. 2013).

A reviewing court must uphold the decision of the Commissioner, even in instances where the reviewing court would have come to a different conclusion, so long as the Commissioner's decision is supported by substantial evidence. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1972); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). Substantial evidence is "such relevant evidence that a reasonable mind might accept as adequate to support a conclusion" and is "more than a mere scintilla of evidence, and [it] must do more than create suspicion of the existence of a fact to be established." Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Richardson, 402 U.S. at 401). In reviewing for substantial evidence, a court should not re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the

---

[2] Although Plaintiff filed a Motion for Judgment on the Pleadings (Doc. No. 9), the Court converts the motion to a Summary Judgment Motion pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. R. 12(c) ("If matters outside of the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment . . . . ")

3

Commissioner. Craig v. Charter, 76 F.3d 585, 589 (4th Cir. 1996) (citing Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990)). The ALJ—not the reviewing Court—bears the ultimate responsibility for weighing the evidence and resolving conflicts. Hays, 907 F.2d at 1456.

### III. ANALYSIS

When evaluating an application for disability benefits, an ALJ uses a five step sequential process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Those five steps are: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a medically determinable impairment or a combination of impairments that is severe; (3) whether the claimant's impairments or combination of impairments meets or medically equals one of The Listings in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) whether the claimant has the RFC to perform the requirements of past relevant work; and (5) whether the claimant is able to do any other work, considering RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(i-iv). If there is work available in the national economy in significant numbers that the claimant can perform with their RFC limitations, there will be no finding of disability. Id. §§ 404.1520(a)(4)(v), 404.1560(c).

On appeal to this Court, Plaintiff makes the following assignments of error: (1) the ALJ erred in finding that Plaintiff has the RFC to perform a reduced range of light work; and (2) the ALJ did not accord appropriate weight to the opinion of her treating orthopedist. For the reasons stated below, the Court finds neither of these arguments so compelling as to merit remand.

**A. The ALJ's RFC Determination Was Supported by Substantial Evidence.**

Plaintiff cites two points of error in the ALJ's RFC determination: that he used improper considerations under SSR 16-3p to come to his conclusion, and that the ALJ failed to incorporate

4

limitations based on Plaintiff's complaints regarding her left upper extremity. (Doc. No. 10). These arguments are without merit.

First, Plaintiff contends that the ALJ inappropriately used personal observations from the hearing to discredit her subjective complaints. (Doc. No. 10, 3). She cites to Social Security Ruling (SSR) 16-3p, 2016 WL 1119029 (Mar. 16, 2016), which states that "adjudicators must limit their evaluation to individual's statements about his or her symptoms and the evidence in the record that is relevant to the individual's impairments." This provision is inapplicable to the ALJ's ruling. SSR 16-3p was not effective until almost a year after the ALJ's decision, and even if applied, Plaintiff's argument misinterprets the provision's purpose.

SSR 16-3p was not in effect until March 28, 2016, eleven months after the ALJ's opinion issued on April 14, 2015. See WL 1237954 (stating that SR 16-3p is effective on March 28, 2016). Barring express terms stating the contrary, administrative agencies have only the rulemaking power given to them by Congress which generally does not include the power to enact retroactive rules. Bowen v. Georgetown University Hosp., 109 S. Ct. 468, 469 (1988) ("[C]ongressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result."). There is no indication in SSR 16-3p that it is intended to be enforced retroactively. Further, the provision in effect at the time of the ALJ's decision, SSR 96-7, 1996 WL 374186, at *8, encourages ALJs to "consider any personal observations in the overall evaluation of the credibility of the individual's statements."

Even if SSR 16-3p had applied at the time of the determination, the ALJ's use of his personal observations from the hearing is still permitted. SSR 16-3P states that it was enacted to clarify that "subjective symptom evaluation is not an examination of an individual's character," and states that "the evaluation of an individual's symptoms should not be to determine whether he

or she is a truthful person." 2016 WL 1119029 at *1, *10. The ruling directs adjudicators to "consider any personal observations of the individual in terms of how consistent those observations are with the individual's statements about his or her symptoms as well as with all of the evidence in the file." Id. at *7. This ruling does not, as Plaintiff argues, bar ALJs from using their personal observations in RFC determinations; it merely prohibits a subjective character evaluation of the appealing claimant in isolation of their medical symptoms. Moreover, the law in this Circuit is to afford "great weight" to an ALJ's observations. Shivley v. Heckler, 739 F.2d 987, 989-90 (4th Cir. 1984).

    Here, the ALJ used personal observations of Plaintiff's alleged symptoms at the hearing in formulating the RFC. He noted Plaintiff was able to participate fully in the hearing without distraction, and that Plaintiff sat for the duration of the 50-minute hearing despite claiming she could only sit for ten minutes. (Tr. 174). He observed her ability to concentrate and cooperate at the hearing as partially indicative of her ability to interact, understand, and follow instructions. (Tr. 174). Plaintiff claims the ALJ's determination that she sat through the hearing without complaint is "patently false," and points to statements of pain made right before the VE was interviewed as evidence. (Doc. No. 9, 9). Defendant acknowledges that Plaintiff did express pain before the examination by the VE, but points out that this was the only time Plaintiff expressed pain. (Doc. No. 11, 11). The ALJ finally states that while his observations alone do not constitute substantial evidence, when combined with other facts Plaintiff appeared to retain more functional capacity than alleged. (Tr. 174). At no point does the ALJ question Plaintiff's character, or conduct any kind of truthfulness evaluation as prohibited under SSR 16-3p. He evaluated the contrast between the physical limitations Plaintiff claims and her apparent level of function at the hearing; this is a valid exercise of discretion regardless of the controlling SSR ruling.

Plaintiff's second contention is that the ALJ failed to incorporate additional limitations based on her left upper extremity complaints into her RFC. (Doc. No. 10). This argument is also without merit. The ALJ thoroughly discussed and assessed the evidence of record explaining how it established the specific limitations in the RFC. The ALJ considered Plaintiff's complaints of upper left extremity pain but determined additional limitations specific to the upper left extremity were not supported by the objective medical evidence. (Tr. 173).

Statements about symptoms or pain alone do not establish disability. 20 C.F.R. §§ 404.1529(a), 416.929(c). Subjective claims of pain must be supported by objective medical evidence showing the existence of a medical impairment. Craig, 76 F.3d at 591 (citing Mickles v. Shalala, 29 F.3d 918, 922 (4th Cir. 1994) (Luttig, J., concurring)). Even a physician's recorded observations of complaints does not "transform" them into objective medical evidence; these observations are personal to the doctor and lack objectivity. See id. at n.2.

Plaintiff claimed that she was experiencing decreased strength in both hands and dropping things, and that she was experiencing tingling in both arms. (Tr. 173, 430, 550). She claimed the pain was worse on the left than the right. (Tr. 430, 550). The ALJ thoroughly discussed and assessed the medical evidence of record in order to attempt to substantiate Plaintiff's complaints. In particular, the ALJ points out that more than one provider determined that Plaintiff retained normal functional capacity in her upper left extremity. (Tr. 172, 173). The ALJ cited the report of Rita Katz, PA, one of Plaintiff's caregivers, which noted that Plaintiff had "normal tone, bulk, and strength" and that "[a]bnormal movements are not seen in the upper or lower extremities," noting the lack of atrophy or tremors. (Tr. 172). The ALJ also referred to the opinion of Dr. William Pekman, one of Plaintiff's orthopedists, who found that her "reflexes were equal" in the upper extremities, and opined that Plaintiff's complaints could be resolved with non-operative

7

care. (Tr. 172, 550-551). The ALJ highlighted the findings of Michael Long, physician's assistant to Plaintiff's treating orthopedist Dr. Bruce Darden, who reported there was no evidence of hypersensitivity or hyperreflexia, and that her perceived symptoms "do not correspond to her area of involvement." (Tr. 172).

Relying on the medical opinion evidence of record discussed above, the ALJ concluded any additional restrictions regarding Plaintiff's upper left extremity were "not supported by the overall weight of the evidence." Accordingly, the ALJ did not err because substantial evidence supports the limitations that he included in Plaintiff's RFC regarding her upper left extremity.

### B. The ALJ Accorded Proper Weight to the Opinion of Plaintiff's Treating Orthopedist.

Generally, an ALJ's decision as to the amount of weight given to a medical opinion will not be disturbed. Dunn v. Colvin, 607 F. App'x 264, 267 (4th Cir. 2015). The opinion of a treating physician need not be afforded controlling weight, and an ALJ may choose to give less weight to the testimony of a treating physician if there is persuasive contrary evidence. Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir 1992). A treating physician's opinion of an impairment is only entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is consistent with other evidence in the record. Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001); see also 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2) (2002).

Plaintiff argues the ALJ failed to accord proper weight to the opinion of her treating orthopedist, Dr. Bruce Darden, pursuant to 20 C.F.R. §§ 404.1502 and 416.902. Specifically, Plaintiff alleges the ALJ did not account for Dr. Darden's opinion that Plaintiff's impairments indefinitely precluded her from working, and that because of the length of her relationship with Dr. Darden, he has a "unique perspective" of her condition that is as valid as any objective findings. (Doc. No. 10, 11).

The ALJ provided substantial evidence to support his decision to give little weight to Dr. Darden's opinion. The ALJ determined that Dr. Darden's opinion was "inconsistent with the record as a whole," and highlighted Dr. Darden's one-page treatment statement that concluded Plaintiff was unfit for work. (Tr. 176). The ALJ notes that Darden "did not cite to specific objective clinical or diagnostic findings," and that Dr. Darden's opinion "appears to have been completed as an accommodation to the claimant." Id. The ALJ instead relied on the opinions of Ms. Katz, Dr. Pekman, and Mr. Long—all of whom found that Plaintiff retained at least some functionality. (Tr. 173). The ALJ goes on to explain that Dr. Darden himself found there was no clinical evidence of instability, and that Plaintiff could move easily from sitting to standing and walked with a normal gait. (Tr. 172). The ALJ also points out that treatment for Plaintiff's symptoms has been "conservative in nature and minimal," citing to Dr. Michael Desantis' opinion, Plaintiff's primary doctor, recommending over-the-counter medications and ice to treat her symptoms. (Tr. 172). Finally, the ALJ noted that findings of disability are reserved to the Commissioner, 20 C.F.R. §§ 404.1527(d)(3), 416.927(d)(3), and determined that Dr. Darden's finding of disability merits no special significance. (Tr. 176). In sum, the ALJ relied on substantial evidence in assigning little weight to Dr. Darden's opinion. Accordingly, the ALJ did not err.

## IV. CONCLUSION

For the these reasons, Plaintiff's Motion for Judgment on the Pleadings (Doc. No. 9) is DENIED, Defendant's Motion for Summary Judgment (Doc. No. 11) is GRANTED, and the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Signed: June 1, 2017

Frank D. Whitney
Chief United States District Judge